Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7077

OTHA L. THOMAS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Otha L. Thomas, of Monroe, Louisiana, pro se.

Tara Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Acting Director; and Bryant G. Snee, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7077

OTHA L. THOMAS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  April 6, 2007

_____

Before NEWMAN, LOURIE, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Otha L. Thomas appeals an October 6, 2006 decision by the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision by the Board of Veterans' Appeals ("Board") that Mr. Thomas was not entitled to non-service-connected pension benefits.  <u>Thomas v. Nicholson</u>, No. 04-1820 (Vet. App. Oct. 6, 2006). Because Mr. Thomas has failed to demonstrate that decision of the Veterans Court is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory

jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law, to the extent we have jurisdiction, we <u>affirm</u>.

## I. BACKGROUND

Mr. Thomas served on active duty from June 20, 1969 to June 18, 1971. On June 28, 1993, Mr. Thomas was involved in an altercation with police in Monroe, Louisiana. Police officers dispatched to a hotel in reference to a complaint about a disorderly person discovered Mr. Thomas, who appeared to be intoxicated, and attempted to place him under arrest. Mr. Thomas, however, resisted arrest and had to be subdued by the arresting officers. During his arrest, Mr. Thomas was apparently injured, after which time Mr. Thomas stated that he could no longer walk.

The next day, Mr. Thomas was hospitalized at the Louisiana State Medical Center Hospital for neurosurgical evaluation. The examining physician's initial diagnosis was that Mr. Thomas had suffered a spinal cord contusion with bilateral upper extremity paresis. During his examination, Mr. Thomas told the physician that he had been drinking the day of his arrest, and had lost consciousness during his struggle with the police and did not know how he had been injured.

On September 15, 1993, Mr. Thomas submitted a claim to the Department of Veterans Affairs ("VA") for compensation or pension, stating that he had suffered a spinal cord injury and had become disabled as a result of that injury. Mr. Thomas subsequently submitted a Report of Accidental Injury to the VA, stating that he had suffered the spinal cord injury on June 28, 1993, "at the hands of" the Monroe, Louisiana, Police Department.

On September 23, 2004, the Board denied Mr. Thomas's claim. The Board found that Mr. Thomas was intoxicated on the night of his injury, and that the intoxication was the proximate cause of his injuries. According to the Board, Mr. Thomas's intoxication caused him to resist arrest, behave erratically, and resulted in the struggle in which he was injured. The Board also held that, since the intoxication resulted proximately and directly in his injury, Mr. Thomas's disability was the result of his own willful misconduct. As such, the Board held that Mr. Thomas was not entitled to non-service-connected pension benefits.

Mr. Thomas appealed the Board's decision to the Veterans Court, which affirmed the Board's decision on October 10, 2006. This appeal followed. We have jurisdiction over appeals from the Veterans Court pursuant to 38 U.S.C. § 7292(a).

## II. DISCUSSION

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2006). We review questions of statutory and regulatory interpretation de novo. Summer v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Except to the extent that an appeal presents a constitutional issue, this court

"may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Thomas asserts that the Veterans Court failed to validate its own decision, failed to address a previous remand order in a timely manner, failed to apply proper proximate cause statutes concerning willful misconduct, failed to properly apply 38 U.S.C. § 1521(a), 38 C.F.R. § 3..301(b), and 38 C.F.R. § 3.1(n), and failed to apply the proper burden of proof standard. We address each of these in turn.

With respect to Mr. Thomas's assertion that the Veterans Court failed to validate its own decision and failed to address a previous remand order in a timely manner, these are not issues involving the validity or interpretation of any statute or regulation. Therefore, we have no jurisdiction over these issues.

With respect to Mr. Thomas's assertion that the Veterans Court failed to apply "proper proximate cause statutes . . . concerning willful misconduct in this case," and that the Veterans Court failed to properly apply 38 U.S.C. § 1521(a), 38 C.F.R. § 3..301(b), and 38 C.F.R. § 3.1(n), this court does not have jurisdiction to review the application of law to the particular facts of Mr. Thomas's case.

Lastly, with respect to Mr. Thomas's assertion that the Veterans Court failed to apply the proper burden of proof standard, the Veterans Court clearly applied the "preponderance of the evidence" standard, which is the proper burden of proof standard.

III. CONCLUSION

Because Mr. Thomas has failed to demonstrate that the decision of the Veterans Court is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law, to the extent we have jurisdiction, we affirm the decision of the Veterans Court.

No costs.